JS - 3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: SA CR 02-204 ABC |
| Plaintiff-Respondent, ) | |
| ) | ORDER DENYING SECTION 2255 MOTION |
| v. ) | |
| BRIAN RASHUN WILSON, ) | |
| Defendant-Petitioner. ) | |

On May 12, 2008, Petitioner Brian Rashun Wilson ("Petitioner" or "Defendant") filed a motion seeking a reduction of sentence pursuant to 18 U.S.C. 3582(c)(2). The Government filed an Opposition on June 16, 2008. No reply was filed. Upon consideration of the parties' papers and the applicable law, Petitioner's motion is hereby **DENIED**.

**I. BACKGROUND**

On September 12, 2003, Petitioner pled guilty to an indictment charging Petitioner and his co-conspirators with three counts relating to bank robbery. (CR 43.)[1] Thereafter, Petitioner was sentenced to 154 months in prison, five years of supervised release, and a special assessment of $300. (CR 147.) Petitioner filed a timely notice of

---

[1] "CR" refers to the Clerk's Record in SA CR 02-204-ABC, and is followed by the document control number.

appeal on December 1, 2003. (CR 149.)

On January 13, 2006, the Ninth Circuit ordered a limited remand in this case pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). See United States v. Brian Rashun Wilson, 162 Fed.Appx. 791 (9th Cir. 2006). On May 18, 2006,[2] this Court entered an order denying Petitioner's request for a de novo resentencing and found, in light of the Ameline considerations, that Petitioner's previous sentence would not have been materially different had the Court known the sentencing guidelines were advisory. (CR 197.) Petitioner did not appeal the Court's May 18, 2006, order. He is currently in federal custody serving the sentence originally imposed by the Court.

On May 12, 2008, Petitioner filed the instant Motion for Reduction of Sentence pursuant to 28 U.S.C. § 3582(c)(2). Petitioner is proceeding pro se.

Upon reviewing Petitioner's Motion and the Government's opposition, the Court determined that insofar as Petitioner was seeking relief under 18 U.S.C. § 3582(c)(2), based on Amendments 599 and 600 of the Sentencing Commission Guidelines, his Motion failed because section 3582(c)(2) did not apply to Petitioner's situation. The Court explained its reasoning in an August 28, 2008 minute order. (CR 215.)

The Court also determined that although the statute Petitioner invoked in his Motion was inapplicable, Petitioner nevertheless sought to challenge his conviction and sentence. As such, recognizing that

---

[2] The Court's order denying Petitioner's request for de novo sentencing was dated May 8, 2006. However, the order was not entered until May 18, 2006.

"[i]n general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention," Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000), the Court determined that the appropriate procedure was to construe the Motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  The Court also gave Petitioner a warning, pursuant to Castro v United States, 540 U.S. 375, 383 (2003), that re-characterization of his filing as a section 2255 motion would mean that any subsequent section 2255 motion would be subject to the restrictions on "second or successive" section 2255 motions.  Petitioner was given until September 22, 2008, to withdraw his Motion or to amend it so that it includes all of his section 2255 claims, and was also advised that his failure to respond by that deadline would be construed as consent to this Court's adjudication of his present Motion, as filed, as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  As of the date of this Order, Petitioner has neither withdrawn his Motion nor filed amended or supplemental papers.  Accordingly, the Court will adjudicate Petitioner's filing as a section 2255 motion as indicated.

## II.  DISCUSSION

In its August 28, 2008 minute order, the Court explained why Petitioner's Motion fails insofar as it seeks relief under 18 U.S.C. § 3582(c)(2); the Court will not repeat that discussion here, and therefore will address the Motion under section 2255 only .

A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255.  The Supreme Court has held that a conviction is final in the context of habeas review when "a judgment

of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987). In this case, Petitioner did not appeal this Court's May 18, 2006 judgment following the Ameline remand. In such instances – when a defendant does not seek an appeal of his conviction – the conviction becomes final once the period in which to file the notice of appeal expires, that is, 10 days after the entry of judgment. See Fed. R. App. P. 4(b); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000). Petitioner's conviction therefore became final on June 2, 2006, 10 days (excluding Saturdays, Sundays and legal holidays) after the May 18, 2006 entry of this Court's judgment. Defendant did not file the instant action, however, until May 12, 2008 -- nearly two years after his conviction became final. Accordingly, his motion is time-barred and must be dismissed.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion under § 2255 is **DENIED.**

**DATED:** October 20, 2008

*[signature: Audrey B. Collins]*

_____

**AUDREY B. COLLINS**
**UNITED STATES DISTRICT JUDGE**